IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD D. PARKELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-835-GBW |
| | ) | |
| LT. TRIBBITT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff Donald D. Parkell, who is currently in custody at the Sussex Correctional Institution (SCI) in Georgetown, Delaware, filed a complaint *pro se*, alleging federal civil rights violations under 42 U.S.C. § 1983. (D.I. 1.) The complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, on June 28, 2025, Defendants Lt. Tribbitt and Officer Idler violated the Fifth, Eighth, and Fourteenth Amendment rights of Plaintiff, and all other inmates housed in the SCI Stan Taylor Building D-Quad, by cancelling their gym and yard time for the following two days "due to the inmates being disrespectful during a code." (D.I. 1 at 4.) Plaintiff contests the basis for this punishment and further asserts that the nature of the punishment, and the lack of opportunity to challenge it, violated inmates' federal civil rights. (*Id.* at 4-6.) Based on the foregoing, Plaintiff seeks injunctive relief to prevent such punishment in the future, and monetary damages for himself and all other inmates housed in D-Quad, among other forms of relief. (*Id.* at 6.)

The complaint must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff and other inmates were allegedly denied gym and yard access for two days. (*See* D.I. 1.) While egregious denials of exercise, sufficient to adversely affect inmate health, can violate the Eighth Amendment, Defendants' alleged actions in this case fall woefully short. *See, e.g., Bacon v. Minner*, 229 F. App'x 96, 99 (3d Cir. 2007) (finding no Eighth Amendment claim when recreation time was halted during lockdowns and also reduced without notice). In the context of confinement, "temporary inconveniences and discomforts incident thereto cannot be regarded as a basis for judicial relief" in a § 1983 suit. *Ford v. Bd.*

*of Managers of New Jersey State Prison*, 407 F.2d 937, 940 (3d Cir. 1969). Based on the facts alleged, amendment is futile.

Additionally, Plaintiff cannot raise § 1983 claims on behalf of other inmates as a non-attorney *pro se* litigant. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *Osei Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that non-attorney *pro se* litigant could not even bring claims on behalf of minor child). To the extent that this case was intended as a class action, non-lawyer *pro se* litigants are unable to represent other members of a class in a class-action proceeding. *See Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("*pro se* litigants are generally not appropriate as class representatives"); *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) ("*pro se* litigant may not represent the interest of a class in a class action lawsuit").

THEREFORE, on this 1st day of August 2025, IT IS HEREBY ORDERED:

1. The complaint (D.I. 1) is **DISMISSED** with prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

       _____
       The Honorable Gregory B. Williams
       United States District Judge